Howard v. Commonwealth.

---

CASE 5—INDICTMENT—SEPTEMBER 27.

## Howard v. Commonwealth.

|     |     |
|-----|-----|
| 96  | 19  |
| 100 | 385 |
| 96  | 19  |
| 110 | 360 |

APPEAL FROM DAVEISS CIRCUIT COURT.

1. INDICTMENT—JOINDER OF OFFENSES.—Where G., H. and I. were jointly indicted for maliciously and willfully shooting and wounding M. with intent to kill him, and in the first four counts G. and H. were each charged with the shooting, and each with aiding and encouraging the other, and in a fifth count I. was charged with the shooting, and G. and H. with aiding and encouraging him, the charge of aiding and encouraging I., as set out in the fifth count, cannot be regarded as constituting a separate offense, as the same transaction is evidently referred to in all the counts, the shooting and wounding of M. being the sole charge.

2. AIDERS AND ABETTORS—PREJUDICIAL ERROR.—Upon the trial of appellant and another of the defendants, an instruction authorizing the

jury to find a verdict of guilty if they believed that the shooting was done pursuant to a common understanding and intent to kill the deceased between all or "any two" of the defendants, could not have been prejudicial to appellant, as the proof did not disclose any concert of action between the other two defendants, or any act done by them in pursuance of a purpose not common to appellant, and in which he was not a participant. And, besides, it was not necessary to the conviction of the parties indicted that the crime should have been committed in pursuance of a common understanding or intent, as the statute authorizes the conviction of one who shall have "aided, counseled, advised or encouraged" another in such shooting.

JOHN FELAND & SON, and WM. H. HOLT for appellant.

1. The indictment having charged more than one offense, the demurrer thereto should have been sustained. (Criminal Code, sec. 126.)
2. An instruction, which authorized a conviction of the "defendants," including appellant, if the jury believed the shooting was done pursuant to a common intent to kill the deceased "between all or any two of them," was clearly misleading in the absence of any evidence that appellant advised or urged the shooting, or knew that it was to be done.

WM. J. HENDRICK, Attorney-General, for appellee.

1. The indictment charged offenses which are simply degrees of the same offense, and, therefore, comes under the provisions of sec. 126, Criminal Code.
2. The evidence in the case warranted the submission to the jury.
3. The instructions were not prejudicial to the appellant.

JUDGE HAZELRIGG delivered the opinion of the court.

On the night of December 22, 1893, Isom Gwynn, Stewart Gwynn and the appellant Howard, were on the streets of Owensboro in an intoxicated condition. By their boisterous conduct they attracted the attention of policeman Dan Miller, who approached Stewart Gwynn for the purpose of arresting him, Isom Gwynn and Howard being at the time some twenty-five or thirty feet in advance of Stewart. The latter defied the officer, drew his pocket knife and cut him in the face. Miller then knocked Stewart down with his billy, placed nippers on his wrist, and was starting to

the lock-up with him, when Isom and Howard turned back, one of them saying, "let's get the son of a bitch." They rushed on the officer and struck him in the back, knocking him down, and just as he fell a shot was fired from a pistol, which went through his left hand just back of the thumb, near the wrist joint. After Miller was knocked down he continued to hold on to Stewart with his nippers. Isom and Howard jumped on the officer, one of them grabbing at his throat and the other attempting to wrench his pistol from his hand. While he was thus prostrate and wounded on the ground, with Isom and Stewart on him, he succeeded in firing two shots, one of which took effect in Isom Gwynn's neck. Howard wrenched the officer's pistol from him, and the parties then ran off in different directions. Isom, however, soon fell, and shortly died from the effects of the shot. No weapons were found on the person of the dead man, Isom, or on the ground where the encounter took place, but on the next morning the officer's pistol, with two empty chambers, was found in the rear of a tobacco factory, in the direction of which Howard had been seen running immediately after the shooting. The appellant Howard and Stewart were arrested and indicted for maliciously and willfully shooting and wounding Miller with intent to kill him. At their trial Stewart was acquitted and Howard sentenced to the State prison for one year.

The errors of which the appellant complains are, *first*, that the indictment charged more than one offense, and, second, the instructions are erroneous and prejudicial.

*First.* The joint indictment consists of five counts. (1) Howard is charged with the shooting, and (2) Stewart Gwynn with aiding and encouraging him. (3) Stewart Gwynn is charged with the shooting, and (4) Howard with aiding and encouraging him.

The last count (5) charges that Isom Gwynn did the shooting, and Howard and Stewart Gwynn aided and encouraged him.

It is urged that as Isom Gwynn is not alleged to have been a participant in counts from one to four, inclusive, the charge of aiding and encouraging him, as set out in the fifth count, constitutes a separate offense, which is inhibited by section 126 of the Criminal Code. We think such a construction would be overstrict. When the indictment is considered as a whole, the same transaction is evidently referred to in all the counts. The shooting and wounding of Miller is the sole charge. It is permissible, under the section of the Code, *supra,* to charge the modes and means of the commission of the crime in the alternative, and aiders and abettors may now be held as principals under the statute. (Kentucky Statutes, section 1128.)

*Second.* The first instruction authorizes a conviction if the jury believes, beyond a reasonable doubt, that either Howard or the Gwynns did the shooting, and the others were present, and, knowing of the intention of the one so shooting, aided and abetted him therein.

The second instruction, and it is to this only that any special objection is urged, is, that although the jury "may believe from the evidence, beyond a reasonable doubt, that one of said defendants willfully and maliciously shot the said Miller, in manner and with

the intent supposed in the first instruction, yet they can not find either of said parties guilty of said shooting unless they can find from the evidence, beyond a reasonable doubt, which one of them did said shooting, unless they believe from the evidence, beyond a reasonable doubt, that said shooting was done pursuant to a common understanding and intent to kill said Miller between all or any two of them."

The criticism urged by learned counsel to this instruction is that the words, "or any two of them," might mean the two Gwynns, and, therefore, even if Isom or Stewart Gwynn fired the shot that wounded the officer, yet Howard might have been convicted of the crime by reason of its having been done pursuant to an understanding and intent common only to the Gwynns.

In other words, that though Howard may not have fired the shot, or been a party to the understanding or intent to shoot the officer, yet he might be convicted under this instruction.

It may be admitted that if the proof disclosed any concert of action between the Gwynns or any act done by them in pursuance of a purpose not common to Howard, and in which he was not a participant, there might be some force in this contention.  But while Stewart Gwynn was under arrest and separated from the others, Howard and Isom rushed upon the officer in concert, and precipitated the conflict, one grabbing for the throat of the officer and the other for his pistol; therefore, the hypothesis upon which the language of the instruction, under a different state of proof, might have been prejudicial to the appellant, was one impos-

sible of adoption or even conception by the jury. Moreover, it was not necessary to the conviction of the parties indicted that the crime should have been committed in pursuance of a common understanding or intent. The statute authorizes the conviction of one who shall have "aided, counseled, advised or encouraged" another in such shooting. The indictment did not charge and need not have charged that the one aiding, &c., must have done so in pursuance of an understanding or intent common to any or all the participants. The instructions were more favorable to the appellant than the law authorized.

We perceive no error in the record to the prejudice of the appellant, and the judgment is therefore affirmed.